**Dismissed for Want of Prosecution and Memorandum Opinion filed January 22nd, 2026**



**In The**

# Fifteenth Court of Appeals

---

### NO. 15-25-00129-CV

---

### KEITH SHANNON, Appellant

### V.

### TEXAS WORKFORCE COMMISSION, Appellee

---

**On Appeal from the 346th District Court**
**El Paso County, Texas**
**Trial Court Cause No. 2025DCV0935**

---

### MEMORANDUM  OPINION

This is an appeal of a judgment of dismissal signed by the trial court on June 27, 2025. Appellant timely filed a notice of appeal, and his brief was due in this Court on November 17, 2025. TEX. R. APP. P. 38.6. On December 9, 2025, we informed appellant that this Court could dismiss his appeal for want of prosecution if he did not file either a motion for extension of time or a brief accompanied by a

motion for extension of time reasonably explaining the brief's untimely filing.[1] He filed an "Amended Notice of Appeal" on December 9th, well after the trial court's plenary jurisdiction had expired that cites no new orders by the trial court.[2] On December 31, 2025, he filed a motion to extend the briefing deadline to January 2, 2026. That date has passed, and he has still not filed a brief. Accordingly, we dismiss this appeal for want of prosecution.[3] All pending motions are dismissed as moot.

PER CURIAM

Panel consists of Chief Justice Brister and Justices Field and Farris.

---

[1] *See* TEX. R. APP. P. 10.5(b), 38.8(a)(1).

[2] If a trial court modifies its judgment while it "retains plenary power, a period that, under these rules, runs from the date when the judgment is signed will run from the date when the modified judgment is signed." TEX. R. APP. P. 4.3(a). A trial court's plenary power expires thirty days after a final judgment is signed unless a party files a timely motion for new trial or other post-judgment motion. TEX. R. CIV. P. 329b(c), (e). Appellant filed no post-judgment motions, and there is nothing to show that the trial court modified its judgment sua sponte. The trial court's plenary power over this case expired on July 28, 2025. *See In re C.K.M.*, 709 S.W.3d 613, 616 (Tex. 2025). Appellant's second notice of appeal—filed almost five months later—thus did not reset any time periods under Rule 4.3(a). *See Arkoma Basin Expl. Co., Inc. v. FMF Assocs. 1990-A, Ltd.*, 249 S.W.3d 380, 390–91 (Tex. 2008) (explaining that restarting deadlines requires "change, whether or not material or substantial" to the judgment").

[3] *See* TEX. R. APP. P. 42.3(b), 43.2(f).